UNITED STATES COURT OF APPEALS
**Filed 12/6/96**                    TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,     )
                        )
        Plaintiff-Appellant,    )
                        )
    v.                   )    No. 95-2099
                        )    (D.C. No. CR-94-57-MV)
VICTOR GRANT GOODLUCK, JR.    )    (D. New Mexico)
                        )
        Defendant-Appellee.    )

_____

ORDER  AND  JUDGMENT*
_____

Before:      ANDERSON,  McWILLIAMS and WEIS,** Circuit Judges.
_____

Defendant pleaded guilty to an indictment charging that he committed arson on an Indian reservation.   The district court granted a downward departure and sentenced defendant to six months imprisonment, three years supervised release, nine months community service, and restitution of $3,600.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3. .

\*\*     The Honorable Joseph F. Weis, Jr., Unites States Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

In granting a downward departure, the district judge stated that the sentencing guidelines' base offense level for arson exaggerated the defendant's conduct and culpability. The court also took into account the defendant's military service during the Gulf War.

The record supports the district court's view that this case did not present a "typical" arson offense. On the night of February 5, 1993, defendant and a companion, while intoxicated, went into a large warehouse-type building on the reservation. They lit pieces of paper in order to illuminate their steps and started small fires in separate corners of the building to keep warm. The fires went out of control. Due in part to the flammable nature of some of the materials stored in the building, and the lack of usable firefighting equipment on the reservation, the building was a total loss.

There is no evidence that defendant or his companion intended to burn the building. Rather, the record shows that in their intoxicated state, they were at least careless, and perhaps reckless, in setting open fires within the building to keep warm. Their conduct was far removed from a "typical" arson where a building is deliberately set afire to collect insurance proceeds, or where the arson occurs as an act of revenge, during a riot, to conceal an earlier crime, or in similar scenarios.

In <u>Koon v. United States</u>, ___ U.S. ___, 116 S.Ct. 2035, 2046, (1996), the Supreme Court explained that "[a] district court's decision to depart from the Guidelines .

3

. . will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court."  We agree that on the record before us, the district court did not abuse its discretion in determining that the offense at issue here fell outside the "heartland" of the guidelines.  See U.S.S.G. ch.1, pt. A, intro comment. 4(b) (atypical cases outside of "heartland" may warrant departure).

The district court also cited the defendant's conduct during the Gulf War and the medals he received.   As we understand the record, these medals were not awarded for the defendant's individual activity and we are not as impressed with the decorations as was the district judge.   Nevertheless, defendant served honorably under combat conditions and that service was deserving of some consideration by the sentencing judge.  Combat duty is quite different than mere service in the military.  Cf. U.S.S.G. § 5H 1.11 (military service is ordinarily not relevant to a departure).  In any event, it is the atypical circumstances of the offense here that underlie the downward departure.

In Koon, the Supreme Court stressed that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, some magnify, the crime and the punishment to ensue."   116 S.Ct. at 2053.

The judgment will be affirmed.

Entered for the Court.

Joseph F. Weis, Jr.

4

United States Senior Circuit Judge